**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| SIARAH FREELAND,<br>Individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE COOPER HEALTH SYSTEM d/b/a<br>THE COOPER HEALTH SYSTEM,<br>COOPER UNIVERSITY HEALTH CARE,<br>COOPER UNIVERSITY HOSPITAL, and<br>COOPER UNIVERSITY HOSPITAL CARE<br><br>    Defendant. | (Removed from the Superior Court of New<br>Jersey, Law Division, Camden County,<br>CAM-L-001309-26)<br><br><br>Civil Action No. _____ |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant The Cooper Health System, Cooper University Health Care, Cooper University Hospital, and Cooper University Hospital Care (collectively referred to as "Cooper"), hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey, Camden Vicinage pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

This removal is based on federal-question jurisdiction because Plaintiff's claims necessarily raise substantial and actually disputed issues of federal law, including the interpretation and application of federal wage-and-hour regulations and federal recordkeeping requirements, and those federal issues satisfy the factors articulated in *Gunn v. Minton*, 568 U.S. 251 (2013).  Although Plaintiff pleads state law causes of action, her claims are predicated upon

7WN6784

federal questions of law. For these reasons, and those given below, Plaintiff's Complaint should be heard in this federal forum.

As grounds for removal, Cooper states as follows:

## I. BACKGROUND

1. Plaintiff Siarah Freeland filed a class action, captioned *Freeland* v. *The Cooper Health System d/b/a The Cooper Health System, Cooper University Health Care, Cooper University Hospital, and Cooper University Hospital Care,* Docket No. CAM-L-1309-26 (the "Action"), in the Superior Court of New Jersey, Law Division, Camden County, on April 9, 2026.

2. Cooper was served with a copy of the Complaint in this Action on May 8, 2026. A copy of the Complaint and Case Information Statement are attached hereto as Exhibit A.

3. This Notice of Removal is filed within thirty (30) days after service was effectuated on Cooper. Accordingly, it is timely filed under 28 U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL

4. This Action is removable under original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction "of civil actions arising under the Constitution, laws, [and] treaties of the United States." 28 U.S.C. § 1331.

6. This Court has original jurisdiction over the above-captioned matter under the provisions of 28 U.S.C. § 1331 because the allegations and claims relate to purported violations of federal laws, including but not limited to the United States Department of Labor regulations and the Fair Labor Standards Act. *See* Ex. A at Compl. ¶¶ 21, 29, 31, 32, and 45. Specifically, the Complaint alleges that Cooper's "rounding/editing and time manipulation policies have violated and continue to violate United State Department of Labor regulations," including 29 C.F.R. § 785.48(b), and that Cooper's practices also implicate federal principles concerning compensable

work, including 29 C.F.R. § 785.13. *See* Ex A at Compl. ¶¶ 21 and 29. The Complaint further alleges federal recordkeeping obligations under 29 C.F.R. § 516.2. *Id.* at ¶¶ 31 and 32.

7. Under Gunn, an action predicated upon state law claims also arises under federal law when it sets forth a federal issue that is: (1) "necessarily raised;" (2) "actually disputed;" (3) "substantial;" and (4) "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met . . . jurisdiction is proper because there is serious federal interest in claiming the advantages though to be inherent in a federal forum." *Id.* (citations omitted).

**A. The federal issues are necessarily raised**

8. An action necessarily raises federal questions when a plaintiff's "right to relief depends upon the construction or application of federal law." *Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

9. Plaintiff's theory of liability is expressly anchored in alleged violations of federal regulations governing: (a) rounding of time entries (29 C.F.R. § 785.48(b)); (b) employer obligations to control and pay for work performed (29 C.F.R. § 785.13); and (c) payroll recordkeeping requirements (29 C.F.R. § 516.2). *See* Exh. A at Compl. ¶¶ 21, 29, 31, 32 and 45.

10. The Complaint alleges that Cooper's "rounding/editing and time manipulation policies have violated and continue to violate United States Department of Labor regulations ….," 29 C.F.R. § 785.48(b), and Plaintiff relies upon that alleged federal violation as a predicate for the asserted New Jersey statutory violations. *Id.* at ¶ 21.

11. The Complaint also alleges that "federal regulations require employers to make and keep payroll records showing specified categories of information under 29 C.F.R. § 516.2, and then alleges Cooper transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records to payroll. *Id.* at ¶¶ 32 and 34.

12. Because Plaintiff's pleaded claims depend on establishing that Cooper's policies and practices contravene these federal regulatory standards, adjudication of Plaintiff's claims necessarily requires interpretation and application of federal law, not merely reference to federal law as background.

**B.  The federal issues are actually disputed**

13. A federal question is "actually disputed" when it is "contested." *Grable*, 545 U.S. at 313. All of Plaintiff's claims are vigorously disputed by Cooper.

14. The parties will dispute whether Cooper's rounding practices comply with the federal rounding regulation, including whether the method rounds "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour," and whether it "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." *Id.* at ¶ 21; *see* 29 C.F.R. § 785.48(b).

15. The parties will also dispute whether the alleged meal-break deduction and related practices constitute compensable work under the federal regulations invoked by Plaintiff. *Id.* at ¶¶ 24-29.

16. The parties will further dispute whether Cooper's time and payroll records satisfy the federal recordkeeping requirements Plaintiff pleads, and whether any alleged deficiencies are material to liability and remedies. *Id.* at 31-34.

17. Under *Gunn*, the federal issues in this action are "actually disputed." *Gunn*, 568 U.S. at 259.

**C.  The federal issues are substantial**

18. A federal issue is "substantial" when it is "significant to the federal system as a whole." *Id.* at 264. The question turns on whether an issue is important enough that it "sensibly belongs

4

in federal court." *Oritz v. Univ. of Medicine & Dentistry of N.J.,* No. 8-cv-2669, 2009 WL 737046, at *3 (D.N.J. Mar. 18, 2009)(quoting *Grable*, 545 U.S. at 315).

19.  The federal issues presented here are substantial because Plaintiff's Complaint seeks to use federal Department of Labor regulations as operative standards to adjudicate the legality of a large employer's timekeeping, rounding, and recordkeeping practices on a class-wide basis. *See* Exh. A at Compl. ¶¶ 21, 29, 31, 32 and 45.

20.  Resolution of whether Cooper's rounding and recordkeeping practices violate the federal regulations Plaintiff invokes will have significance beyond the parties because it will determine the meaning and application of federal wage-and-hour regulatory standards in the context of employer timekeeping systems and rounding/editing practices, including the over a period of time neutrality requirement in 29 C.F.R. § 785.48(b).

21.  The federal government has a strong interest in the uniform interpretation of federal wage-and-hour regulations promulgated by the United States Department of Labor, particularly where, as here, the Complaint alleges ongoing violations of those regulations and seeks forward-looking relief.

### D. Exercising federal jurisdiction will not disrupt the federal-state balance approved by Congress

22.  Exercising federal jurisdiction here is consistent with the federal-state balance because Plaintiff has chosen to plead federal regulatory violations as central predicates for liability and relief, thereby placing the interpretation and application of federal regulations at the core of the dispute.  A claim that either has an outright federal remedy or is an independent state claim that relies on the interpretation of a term in a federal statute, are appropriate in federal court under federal-question jurisdiction.  See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 693-

5

94 (2003); see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314-15 (2005) (state title claim turned on the meaning of "notice" as defined by federal law).

23. This case does not present a routine state wage claim that merely parallels federal law; rather, the Complaint affirmatively alleges that Cooper's policies violate specific federal regulations and relies on those alleged violations to establish wrongdoing. *See* Exh. A at Compl. ¶¶ 21, 29, 31, 32 and 45.

24. Federal courts routinely adjudicate disputes requiring interpretation of federal wage-and-hour regulations, and removal in these circumstances promotes uniformity in the construction of federal regulations without displacing New Jersey's authority to enforce its own wage statutes where federal issues are not necessarily raised.

25. Here, Plaintiff's claims are predicated on Cooper's alleged violations of United States Department of Labor regulations and other federal regulations.

26. Accordingly, removal under 28 U.S.C. § 1331 is appropriate under *Gunn* and *Grable*.

27. The pending action is a civil action which may be removed to this Court by Cooper pursuant to the provisions of 28 U.S.C. § 1441(a) and 1441(c).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

28. The court in which this Action is pending is located within the District of New Jersey and the Camden Vicinage, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

29. A copy of the Notice to the Clerk of the Superior Court of Filing of Notice of Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Camden County, as required by 28 U.S.C. § 1446(d), is attached hereto as Exhibit B.

30.  A copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d), is attached hereto as Exhibit C.

31.  No admission of fact, law, or liability is intended by this Notice of Removal, and Cooper expressly reserves all defenses, affirmation of defenses, and motions and does not concede that the allegations in the Complaint state a valid claim under any applicable law, or that the class can be certified.

## IV.  CONCLUSION

WHEREFORE, for the reasons stated above, Cooper submits this Notice of Removal and respectfully requests this action proceed in this Court.

Respectfully submitted,

Dated: May 19, 2026

*s/Susan M. Leming*
Susan M. Leming, Esquire
**BROWN & CONNERY, LLP**
360 Haddon Avenue
Westmont, New Jersey 08108
856-854-8900
sleming@brownconnery.com

*Attorneys for Defendant*
*The Cooper Health System d/b/a The Cooper*
*Health System, Cooper University Health Care,*
*Cooper University Hospital,*
*and Cooper University Hospital Care*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2026, the foregoing Notice of Removal was electronically filed with the United States District Court for the District of New Jersey via the CM/ECF system.  I further certify that on May 19, 2026, the foregoing Notice of Removal was served on all counsel of record via e-mail, as follows:

Seth R. Lesser, Esq.
Jessica Rado*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NJ 10573
seth@klafterlesser.com
Jessica.rado@klafterlesser.com

Michael A. Galpern, Esq.
Amy Winter*
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SINNIS, P.C.
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road – Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
awinters@lawjw.com
*Attorneys for Plaintiff and the Proposed Class*
*Admission Motion or Pro Hac Vice to be Filed*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  May 19, 2026            By:     *s/Susan M. Leming*
                                        Susan M. Leming, Esquire

8

**EXHIBIT A**

7WN6784

Seth R. Lesser, Attorney ID # 051051988
Jessica Rado*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NJ 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern, Attorney ID # 029031988
Amy Winters, Attorney ID # 017142001
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
awinters@lawjw.com

Other Attorneys on Signature Page

| | |
|---|---|
| ----------------------------------------------------------x<br>SIARAH FREELAND,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>THE COOPER HEALTH SYSTEM d/b/a<br>THE COOPER HEALTH SYSTEM,<br>COOPER UNIVERSITY HEALTH CARE,<br>COOPER UNIVERSITY HOSPITAL, and<br>COOPER UNIVERSITY HOSPITAL CARE,<br><br>          Defendant.<br>----------------------------------------------------------x | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>CLASS ACTION COMPLAINT |

Now comes Plaintiff Siarah Freeland, individually and on behalf of herself and all others similarly situated, by and through counsel, and for her complaint alleges upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.    This class action seeks to recover unpaid compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a, et seq. ("NJWHL"), and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1, et seq., and New Jersey Wage Theft Act, N.J.S.A. §§ 34:11-4.4, et seq. ("NJWTA") (collectively "New Jersey Labor Law"), and for common law unjust enrichment, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "Class," as hereinafter more fully defined).

## PARTIES, JURISDICTION, AND VENUE

2.    Siarah Freeland is a resident and citizen of New Jersey domiciled at 610 Berkley Street, Camden, New Jersey 08103.

3.    Defendant The Cooper Health System d/b/a The Cooper Health System, Cooper University Health Care, Cooper University Hospital, and Cooper University Hospital Care, ("Cooper") is a New Jersey not-for-profit corporation with its headquarters and principal place of business at One Cooper Plaza • Camden, NJ 08103. Defendant operates multiple healthcare facilities in the State, including several within this County, at which it actually does business.

1.    At all times relevant and material to this action, Plaintiff has been a resident of the State of New Jersey and the actions relating to Plaintiff all took place in New Jersey.

2.    At all times relevant and material to this action, Defendant had its headquarters in and engaged in its healthcare business within the State of New Jersey.

3.    Venue is proper in this Court because Defendant, a business entity, is headquartered in and regularly and actually engages in its business activities in this County.

2

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

4. Defendant Cooper holds itself out as an award-winning healthcare system that "has 130 primary and specialty care offices with 1,700 physicians and advanced practice providers offering expert care in 95 specialties and subspecialties,"[1] as "a leading academic health system affiliated with Cooper Medical School of Rowan University. Cooper, headquartered in Camden, New Jersey, has revenues of more than $2.4 billion and an A+ credit rating from both S&P and Fitch Ratings,"[2] and that "More than 2.54 million patients visit Cooper's facilities annually. Cooper's ambulatory network encompasses three outpatient surgery centers, seven urgent care centers, a wound care center, and more than 130 physician, physical therapy, and radiology offices extending from the Delaware River to the New Jersey shore." *Id.*

5. At all times relevant, Defendant Cooper is and has been an "employer" of Plaintiff and other members of the Class within the meaning of New Jersey Labor Law.

6. Defendant Cooper utilizes non-exempt employees, including Plaintiff and other members of the Class, in furtherance of its business purpose.

7. Defendant was an employer of Plaintiff and other members of the Class alleged herein inasmuch as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's and the Class's Non-Exempt Employment Status with Defendant

---

[1] https://www.cooperhealth.org (last accessed April 8, 2026).
[2] https://blogs.cooperhealth.org/news/2026/03/cooper-university-health-care-joins-american-college-of-surgeons-bridging-forces-portal-to-advance-military-civilian-trauma-partnerships/?_gl=1%2A1b2qzzu%2A_gcl_au%2AMTY4MTk1MDk4OS4xNzc0NTc3NTc5%2A_ga%2AOTM4NDUzMzE2LjE3NzQ1Nzc1NTU.%2A_ga_Q7FC98J25G%2AczE3NzU2NzY2ODIkbzMkZzEkdDE3NzU2Nzg1ODDkkajUzJGwwJGgw (last accessed April 8, 2026).

8.      From November 2024 through January 2026, Plaintiff was employed by Defendant as a medical assistant at two of Defendant's locations, first in Turnersville and then in Camden. Throughout these times, Plaintiff was hired to work for Defendant as an hourly, nonexempt employee, and often worked at least forty (40) hours per week. At all times relevant, Plaintiff and other members of the Class were employees within the meaning of the New Jersey Labor Law.

9.      Defendant classified and paid Plaintiff, as well as other members of the Class, as nonexempt employees.

### Defendant's Failure to Pay for All Hours Worked as a Result of Defendant's Time Rounding Policy

10.     During her time as an hourly employee (and all references hereinafter to Plaintiff's work and clocking in and out relate to that period of time), Plaintiff and other members of the Class were (and are) required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

11.     Accordingly, at the beginning of their workdays, Plaintiff and the members of the Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Similarly, Plaintiff and the members of the Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

12.     Defendant implemented and had a policy in which employees are expected to clock in and start working up to seven (7) minutes early, which is then rounded up in favor of Defendant. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering additional compensation. Similarly, employees are instructed not to clock out more than seven (7) minutes late, as this would cause the time to be rounded in the employee's favor, triggering additional straight time compensation in non-overtime weeks, or additional overtime compensation in weeks where the rounded time constituted overtime hours.

13.     Upon hiring or otherwise during their employments, Plaintiff and the members of the Class were (and are) told that they will be penalized if they clock late or clock out early, even by a minute, whether or not they clocked-in early or work late. To that end, Defendant utilizes an attendance and/or disciplinary policy to ensure that Defendant's rounding system is substantially rigged in Defendant's favor. As a result, Plaintiff and other members of the Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the for Class all hours worked, in violation of the provisions of New Jersey Labor Law cited herein.

14.     By way of example, Plaintiff clocked up to seven (7) minutes prior to her shift starting time (by way of example, prior to a 7:00 a.m. shift time), and immediately began performing the principal activities of her job. For example, as a medical assistant, Plaintiff would often clock in and immediately perform her principal job duties, stepping in to replace colleagues from previous shifts and other work attendant to her job. She regularly clocked in several minutes prior to the beginning of her shift and immediately started working.

5

15. Similarly, Plaintiff and other members of the Class regularly worked after the end of their shift times but were (and are) only paid up until their shift ending times. These employees are not paid for all time worked up and until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant as tracked in Defendant's timekeeping system.

16. By way of example, Plaintiff often stopped working four (4), five (5), or six (6) minutes after the end of her shift and clocks out, which, when combined with the additional minutes she worked at the beginning of her shift that was rounded away, regularly added up to several minutes each day and workweek for which Defendant fails to compensate her.

17. Although Defendant suffered and permitted Plaintiff and the members of the Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek.

18. Though Plaintiff and the members of Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. As a result, Plaintiff and the members of the Class were not properly paid for many of their hours worked as required by New Jersey Labor Law.

19.     Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff and the Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

20.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff's and the Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff and the Class worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times their regular rate of pay. *See* N.J.S.A. 34:11-56a4. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Plaintiff and the Class for such hours on a straight time basis.

21.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate United States Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). As a result, Plaintiff and other members of the Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the Class for all hours worked, in violation of N.J.S.A. 34:11-56a4(b)(1).

22.     Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions.

23.     The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by New Jersey Labor Law.

### Defendant's Failure to Pay All Hours Worked as a Result of Defendant's Time Deduction Practices for Missed, Non-Taken, or Interrupted Meal Breaks

24.     In addition to Defendant's rounding/editing and time manipulation policies, Defendant automatically deducts thirty (30) minutes from each shift worked by Plaintiff and members of the Class regardless of whether these employees receive, or do not receive, a *bona fide* meal period.

25.     Plaintiff and members of the Class were routinely not provided an uninterrupted, *bona fide* meal break, despite Defendant automatically deducting thirty (30) minutes from Plaintiff's (and the members of the Class's) paycheck each workday for a supposed meal break. Plaintiff and members of the Class regularly worked through, or performed work during, what were supposed to be their meal breaks, and this is additional time, including overtime in overtime weeks, that Plaintiff and members of the Class are performing work required by, performed for, and to the benefit of Defendant without required compensation.

8

26. By way of example, on numerous occasions, Plaintiff did not receive actual, *bona fide* meal breaks, as she was often required to perform her principal job duties during the supposed "breaks" that were interrupted and were nonetheless automatically deducted.

27. Despite Plaintiff and the members of the Class rarely receiving *bona fide* meal breaks during workweeks during the applicable statute of limitations period, Defendant nevertheless automatically deducted, on a daily workday basis, thirty (30) minutes from Plaintiff's and the Class's paychecks even though they were not given a *bona fide* meal period.

28. Defendant's meal break deduction policies and practices resulted in Plaintiff and members of the Class regularly not receiving *bona fide*, uninterrupted meal breaks, as they were performing their principal job duties during the supposed "breaks."

29. Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the federal law, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff and members of the Class] without compensating for them." "Management has the power to …. [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid. *Id.*

30. The additional beginning and end of shift work time that was rounded, edited, or otherwise manipulated, as well as time earned and owed during missed, non-taken, or interrupted meal breaks, was and is compensable as hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor

was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the New Jersey Labor Law.

**Defendant's Record Keeping Violations**

31. Under federal and New Jersey law, Defendant is required to maintain accurate and complete records of employees' time worked and amounts earned and paid.

32. Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

33. Similarly, the New Jersey Wage Theft Act requires employers, such as Defendant, to provide employees with a statement of deductions from wages for each pay period.

34. Defendant kept records of hours worked by Plaintiff and the Class. However, at the time that the hours worked by Plaintiff and members of the Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the New Jersey Labor Law's record keeping requirements.

10

**Defendant's Unjust Enrichment**

35. Further, Defendant was unjustly enriched by the retention of hourly wages that were earned and that rightfully belong to Plaintiff and members of the Class, as set forth above. Defendant obtained the value of the Plaintiffs' and members of the Class's labor, labor for which they expected to be paid inasmuch as they were hourly employees and had a reasonable expectation of pay for all hours worked, and Defendant had no justification to deny the the pay for and retain the value of benefit of that labor.

36. Allowing Defendant to retain the benefits provided by Plaintiff and members of the Class – free, unpaid labor – under the circumstances presented as outlined above is demonstrably unjust, and results in an impoverishment to Plaintiff and members of the Class.

37. As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and members of the Class have been damaged in an amount to be determined at trial, including but not limited to all non-overtime hours worked by Plaintiff and members of the Class but not paid by Defendant at their straight time hourly rates required to be paid.

**The Knowing Nature of Defendant's Violations**

38. By denying Plaintiff and members of the Class straight and overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

39. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the

11

principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the law.

40.     Accordingly, Defendant's failure to compensate Plaintiff and members of the Class for all hours worked, including overtime pay for all hours worked more than forty (40) hours per week at "one and one-half times" the employees' regular rate of pay constitutes a knowing violation of New Jersey Labor Law N.J.S.A. § 34:11-56a, et seq. and N.J.S.A. § 34:11-4, *et seq.*, as well as of § N.J.S.A 34:11-4.6 requiring employers to provide a statement of deductions from wages for each pay period.

41.     Plaintiff and members of the Class are therefore entitled to liquidated damages of up to 200% of all unpaid compensation pursuant to N.J.S.A. 34:11-58.1(f).

## CLASS ALLEGATIONS

42.     Plaintiff brings this case as a class action pursuant to New Jersey Court Rule 4:32, as well as common law unjust enrichment, on behalf of a Class defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period from April 1, 2020 to the date of judgement in this action who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited and/or having their time deducted for a missed, shortened, or interrupted meal break.

43.     There are questions of law or fact common to the Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the Class's earned and owed compensation violated the NJWHL, and/or NJWTA, and/or common law unjust enrichment, as applicable;

(c) Whether Defendant's violations of the NJWHL, and/or NJWTA were knowing;

12

(d) Whether Defendant failed to provide accurate paystubs under NJWTA;

(e) What amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

44. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class members.

45. The Class is so numerous that joinder of all Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the Class consists of one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to federal law and the New Jersey Labor Law.

46. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

47. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Class, listed above, are common to the Class as a whole, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would

13

be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(Failure to Pay Overtime Wages Under the NJWHL)**
***On Behalf of Plaintiff and the Class***

49.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48, as if fully rewritten herein.

50.     Plaintiff brings her NJWHL claims as a class action on behalf of herself and the Class pursuant to Rule 4:32.

51.     At all relevant times, Defendant was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

52.     At all relevant times, Defendant employed Plaintiff and the Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

53.     Section 34:11-56a4 of the NJWHL requires employers, like Defendant, to pay employees, like Plaintiff and the Class members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek. *See* N.J.S.A. 34:11-56a4(b)(1).

54.     By    virtue    of    its    rounding    and    meal    break    policies, Defendant violated, and is violating, the NJWHL by failing to pay Plaintiff and the Class overtime wages (at the proper premium rate based on all renumeration received) for all hours worked in excess of forty (40) hours in a workweek, as provided by N.J.S.A. 34:11-56a4(b)(1).

55. Plaintiff and the Class have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendant derived a direct and substantial benefit.

56. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Class premium overtime compensation for all overtime hours worked.

57. Defendant's failure to pay Plaintiff and the Class overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

58. Accordingly, Plaintiff and the Class are entitled to recover their unpaid overtime wages in an amount equal to 1.5 times their regular hourly rates of pay, liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-56a25.

### COUNT TWO
**(Failure to Pay All Wages Earned Under the NJWTA)**
***On Behalf of Plaintiff and the Class***

59. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48, as if fully rewritten herein.

60. Plaintiff brings her NJWTA claims as a class action on behalf of herself and the Class pursuant to Rule 4:32.

61. Defendant's conduct alleged above violates the NJWTA, N.J.S.A. 34:11-4, *et seq*.

62. At all relevant times, Defendant was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

15

63.     At all relevant times, Defendant employed Plaintiff and the Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

64.     The NJWTA requires employers, like Defendant, to pay employees, like Plaintiff and the Class members, all wages (including overtime wages) earned, due, and owing to them on their regular payday. *See* N.J.S.A. 34:11-4.2.

65.     During the course of their employments, Defendant agreed to pay Plaintiff and each Class member "wages" – within the meaning of the NJWTA, *see* N.J.S.A. 34:11-4.1(c) – including hourly rates for all hours they worked under and up to forty (40) hours in a workweek, as well as overtime rates for all hours they worked in excess of forty (40) hours in a workweek.

66.     But during the course of their employment, Defendant failed to pay Plaintiff and the Class all wages earned for all time they worked at the rates Defendant agreed to pay them.

67.     As a result of Defendant's illegal automatic rounding and meal break policies, Plaintiff and the Class have been deprived of all wages earned, due, and owed to them.

68.     The wages Defendant owes to Plaintiff and the Class remain unpaid.

69.     Defendant knowingly carried out this illegal pattern or practice of failing to pay Plaintiff and the Class all wages earned for all hours worked.

70.     Defendant's failure to pay Plaintiff and the Class all wages at the rates Defendant agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages owed made in good faith.

71.     Accordingly, Plaintiff and the Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4-10(c).

16

**COUNT THREE**
**(Failure to Provide Pay Deductions Under the NJWTA)**
*On Behalf of Plaintiff and the Class*

72.     Plaintiff incorporates by reference the foregoing allegations of paragraphs __ through 48, as if fully rewritten herein.

73.     Plaintiff brings her NJWTA claims as a class action on behalf of herself and the Class pursuant to Rule 4:32.

74.     The conduct alleged violates the NJWTA, N.J.S.A. 34:11-4.6.

75.     At all relevant times, Defendant was an "employer" within the meaning of, and subject to the requirements of, the NJWHL. *See* N.J.S.A. 34:11-56a1(g).

76.     At all relevant times, Defendant employed Plaintiff and the Class as "employees" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56a1(h).

77.     The NJWTA requires employers, like Defendant, to provide a statement of deductions from wages for each pay period. *See* N.J.S.A. 34:11-4.6.

78.     Defendant kept records of hours worked by Plaintiff and members of the Class. However, at the time that the hours worked by Plaintiff and members of the Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment and impoverishment of Plaintiff and members of the Class.

79.     As a result of Defendant's illegal automatic rounding policy, Plaintiff and the Class have not been provided with accurate pay statements showing the deductions made from their wages, as is also mandated by the New Jersey Wage Theft Act. *See* 34:11-4.6(c).

17

80.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to provide accurate paystubs to Plaintiff and the Class reflecting all hours worked, and consequently failed to pay for all hours worked.

81.     Defendant's failure to pay Plaintiff and the Class all wages at the rates Defendant agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages owed made in good faith.

82.     Accordingly, Plaintiff and the Class are entitled to recover their unpaid "straight time" and overtime wages, plus liquidated damages in an amount equal to 200% of their unpaid wages, and attorney's fees and costs. *See* N.J.S.A. 34:11-4-10(c).

## COUNT FOUR
### (Unjust Enrichment)
*On Behalf of Plaintiff and the Class*

83.     Plaintiff incorporates by reference the foregoing allegations of paragraphs __ through 48, as if fully rewritten herein.

84.     Plaintiff brings this claim on behalf of herself and the Class as a result of Defendant's suffering or permitting her and the Class to work for their benefit and for not paying them non-overtime wages for all the time that they worked due to one of more of the pay policies/practices alleged above, under unjust enrichment common law.

85.     As hereinabove alleged, Plaintiff and members of the Class conferred a benefit upon Defendant in that Defendant received a direct monetary benefit from employees by retaining wages Plaintiff and members of the Class were entitled to, and expected to, be paid. However, Plaintiff and members of the Class were not paid for all the work completed as a result of Defendant's pay policies/practices.

18

86.     Defendant knew that it retained one or more benefits to the detriment of Plaintiff and members of the Class in the form of unpaid wages, but nevertheless voluntarily accepted and retained these benefits, failing to pay them anyways, thereby being unjustly enriched.

87.     Defendant's retention of the benefits by which it was unjustly enriched under circumstances in which was unjustly enriched would be unconscionable, and there was no justification to permit Defendant to do so. To the extent that there is an absence of a remedy provided by law as to Plaintiff's and other members of the Class's claims as to hours worked but not paid, Plaintiff and other members of the Class may still recover under this unjust enrichment claim.

88.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and other members of the Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the Class but not paid by Defendant. As a result of Defendant having been unjustly enriched, Plaintiff and members of the Class are entitled to compensation for the value of the benefit Plaintiff and members of the Class conferred on Defendant.

89.     Having injured Plaintiff and members of the Class, Defendant is liable to Plaintiff and members of the Class in the full amount of regular wages that remain unpaid, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

19

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Michael A. Galpern is hereby designated at Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC pursuant to Rule 4:25 *et. seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the Class, as applicable, prays that this Honorable Court:

A.  Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.  Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.  Certify this case as a class action pursuant to Rule 4:32 on behalf of Plaintiff and other members of the Class;

D.  Enter judgment against Defendant, and in favor of Plaintiff and the members of the Class, declaring that Defendant's activities, as alleged herein, violate New Jersey Labor Law and enjoining Defendant from continuing to violate New Jersey Labor Law, as well as awarding the relief set forth immediately below;

E.  Award Plaintiff and other members of the Class all damages allowed by New Jersey Labor Law, including but not limited to all unpaid "straight time" and overtime wages, liquidated damages in an amount equal to 200% of their unpaid wages, and all other penalty damages available;

F.  Award monetary relief to Plaintiff and members of the Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

G.  Designate Plaintiff as representative of the Class, and counsel of record as Class Counsel for the Class;

H.  Award Plaintiff and the Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing

20

Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

I.        Enter such other and further relief as this Court deems equitable, just, and proper.

Date: April 9, 2026                              Respectfully submitted,

*s/ Seth R. Lesser*
Seth R. Lesser, Attorney ID # 051051988
Jessica Rado*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern, Attorney ID # 029031988
Amy Winters, Attorney ID # 017142001
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
mclark@lawjw.com

Joseph F. Scott *
Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED

21

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-001309-26

**Case Caption:** FREELAND SIARAH  VS THE COOPER HEALTH SY STEM

**Case Initiation Date:** 04/09/2026

**Attorney Name:** SETH R LESSER

**Firm Name:** KLAFTER LESSER LLP

**Address:** TWO INTERNATIONAL DR STE 350
RYE BROOK NY 10573

**Phone:** 9149349200

**Name of Party:** PLAINTIFF : SIARAH FREELAND

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: SIARAH FREELAND? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/09/2026
Dated

/s/ SETH R LESSER
Signed

**EXHIBIT B**

10

**BROWN & CONNERY, LLP**
Susan M. Leming, Esq. (ID No. 018351996)
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants The Cooper Health System d/b/a*
*The Cooper Health System, Cooper University Health Care,*
*Cooper University Hospital, and Cooper University Hospital Care*

| | |
|---|---|
| SIARAH FREELAND,<br>Individually and on behalf of all others<br>similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>THE COOPER HEALTH SYSTEM d/b/a<br>THE COOPER HEALTH SYSTEM,<br>COOPER UNIVERSITY HEALTH CARE,<br>COOPER UNIVERSITY HOSPITAL, and<br>COOPER UNIVERSITY HOSPITAL CARE<br><br><br>           Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>Docket No.: CAM-L-001309-26<br><br><br>    **NOTICE OF FILING OF**<br>    **NOTICE OF REMOVAL** |

**TO:**  Clerk of the Court
Superior Court of New Jersey, Law Division, Camden County
Camden County Hall of Justice
101 S. 5th Street
Camden, New Jersey 08103

Honorable Michael E. Joyce
Superior Court of New Jersey, Law Division, Camden County
Camden County Hall of Justice
101 S. 5th Street
Camden, New Jersey 08103

7WK0645

PLEASE TAKE NOTICE that this case, which was previously pending in the Superior Court of New Jersey, Law Division, Camden County, has been removed to the United States District Court for the District of New Jersey by the Defendants, The Cooper Health System d/b/a The Cooper Health System, Cooper University Health Care, Cooper University Hospital, and Cooper University Hospital Care (collectively referred to as "Cooper"), pursuant to 28 U.S.C. §§ 1331 and 1441. A copy of the Notice of Removal filed with the United States District Court for the District of New Jersey is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further unless and until the case is remanded.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for Defendants*
*The Cooper Health System d/b/a The Cooper*
*Health System, Cooper University Health Care,*
*Cooper University Hospital,*
*and Cooper University Hospital Care*

Dated:  May 19, 2026          By:     *s/Susan M. Leming*_____
                                       Susan M. Leming, Esquire

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 19, 2026, the foregoing Notice of Filing of Notice of Removal was electronically filed with the Superior Court of New Jersey, Law Division, Camden County via the eCourts system.  I further certify that on  May 19, 2026, the foregoing Notice of Filing of Notice of Removal was served on all counsel of record via e-mail, as follows:

Seth R. Lesser, Esq.
Jessica Rado
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NJ 10573
seth@klafterlesser.com
Jessica.rado@klafterlesser.com

Michael A. Galpern, Esq.
Amy Winter
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SINNIS, P.C.
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road – Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
awinters@lawjw.com
*Attorneys for Plaintiff and the Proposed Class*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BROWN & CONNERY, LLP**
 *Attorneys for Defendants*
 *The Cooper Health System d/b/a The Cooper*
 *Health System, Cooper University Health Care,*
 *Cooper University Hospital,*
 *and Cooper University Hospital Care*

Dated:  May 19, 2026          By:          *s/Susan M. Leming*
                                             Susan M. Leming, Esquire

3

*EXHIBIT A*

*(Copy of Notice of Removal Filed with the United States District Court of New Jersey)*

7WK0645

**EXHIBIT C**

11

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SIARAH FREELAND,<br>Individually and on behalf of all others<br>similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>THE COOPER HEALTH SYSTEM d/b/a<br>THE COOPER HEALTH SYSTEM,<br>COOPER UNIVERSITY HEALTH CARE,<br>COOPER UNIVERSITY HOSPITAL, and<br>COOPER UNIVERSITY HOSPITAL CARE<br><br><br>            Defendant. | (Removed from the Superior Court of New<br>Jersey, Law Division, Camden County,<br>CAM-L-001309-26)<br><br><br><br>Civil Action No. ____ |

### NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

TO:    Seth R. Lesser, Esq.
           Jessica Rado*
           KLAFTER LESSER LLP
           Two International Drive, Suite 350
           Rye Brook, NJ 10573

           Michael A. Galpern, Esq.
           Amy Winter*
           JAVERBAUM WURGAFT HICKS
           KAHN WIKSTROM & SINNIS, P.C.
           Laurel Oak Corporate Center
           1000 Haddonfield-Berlin Road – Suite 203
           Voorhees, NJ 08043
           *Attorneys for Plaintiff and the Proposed Class*
          *Admission Motion or Pro Hac Vice to be Filed*

7WN7006

PLEASE TAKE NOTICE THAT Defendant The Cooper Health System, Cooper University Health Care, Cooper University Hospital, and Cooper University Hospital Care (collectively referred to as "Cooper") in the action filed in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. CAM-L-001309-26, has filed a Notice of Removal to the United States District Court for the District of New Jersey, on this 19th day of May, 2026, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated:    May 19, 2026          *s/Susan M. Leming*
                               Susan M. Leming, Esquire
                               **BROWN & CONNERY, LLP**
                               360 Haddon Avenue
                               Westmont, New Jersey 08108
                               (856) 854-8900 (phone)
                               sleming@brownconnery.com

                               *Attorneys for Defendant*
                               *The Cooper Health System d/b/a The Cooper*
                               *Health System, Cooper University Health Care,*
                               *Cooper University Hospital,*
                               *and Cooper University Hospital Care*

7WN7006

## CERTIFICATE OF SERVICE

I hereby certify that on the  19th day of May, 2026 the foregoing was electronically filed with the United States District Court for the District of New Jersey.  Additionally, I served the counsel of record in this action via electronic mail and via First Class U.S. mail as follows:

Seth R. Lesser, Esq.
Jessica Rado*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NJ 10573

Michael A. Galpern, Esq.
Amy Winter*
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SINNIS, P.C.
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road – Suite 203
Voorhees, NJ 08043

*Attorneys for Plaintiff and the Proposed Class*

Dated: May 19, 2026                                     /s/Susan M. Leming
                                                                      Susan M. Leming, Esquire

7WN7006